IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STERNE, KESSLER, GOLDSTEIN & FOX, PLLC, | * | |
| | * | |
| Plaintiff, | | |
| | * | Civil No. TDC-25-0942 |
| v. | | |
| | * | |
| SWEEGEN, INC., | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Entry of Default Judgment ("Motion") (ECF No. 20) filed by Plaintiff Sterne, Kessler, Goldstein & Fox, PLLC ("Plaintiff" or "SKGF"). Defendant Sweegen, Inc. ("Sweegen") has not responded, and the time for doing so has passed. *See* Loc. R. 105.2(a). On August 13, 2025, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6(al), Judge Chuang referred this case to me for a report and recommendation on Plaintiff's Motion. ECF No. 23. I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that the Motion be granted.

**I.   FACTUAL AND PROCEDURAL HISTORY**

On March 21, 2025, Plaintiff filed its Complaint against Sweegen for breach of promissory note. ECF No. 1. Plaintiff served Sweegen's Registered Agent with process via private process server on April 16, 2025. ECF No. 13. Sweegen's response to the Complaint was due by May 7, 2025. Fed. R. Civ. P. 12(a)(1)(A). Sweegen did not file a timely answer or other responsive pleading. ECF No. 20 at 1-2. On June 5, 2025, Plaintiff moved for Clerk's entry of default. ECF

No. 15. The Clerk entered default against Sweegen on June 10, 2025. ECF No. 16. Sweegen has not responded to Plaintiff's Motion for Entry of Default Judgment (ECF No. 20) and the time for doing so has passed. *See* Loc. R. 105.2. The Motion is ripe for decision.[1]

## II. LEGAL ANALYSIS

### A. Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Ryan*, 253 F.3d at 780. Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel*, 2012 WL 2446151, at *1.

---

[1] Pursuant to the Servicemembers' Civil Relief Act ("SCRA"), before the Court may enter a default judgment in favor of a plaintiff, the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit[.]" 50 U.S.C. § 3931(b)(1)(A). And under Rule 55(b)(2), "a default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Because Sweegen is a business organization, the restrictions on entering default judgment in the SCRA and Rule 55(b)(2) do not apply.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." *Entrepreneur Media, Inc. v. JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013). A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages and may rely on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

### B.     Liability

According to the Complaint, Sweegen engaged SKGF to perform legal services in May 2020. ECF No. 1 ¶ 5. A copy of the legal representation agreement is incorporated into the Complaint and filed at ECF No. 1-1. In March 2021, Sweegen retained Plaintiff to take over the defense of a lawsuit brought against it. ECF No. 1 ¶ 7. Plaintiff successfully obtained summary judgment for Sweegen in that case, and successfully defended the judgment on appeal. *Id.* At all relevant times, SKGF performed its legal work for Sweegen with "the requisite required skill and without incident or complaint." *Id.* ¶ 8.

At some point, Sweegen ceased making timely payments to SKGF for its work. *Id.* ¶ 9. SKGF "became concerned" about the lack of payments. *Id.* To address SKGF's concerns, SKGF and Sweegen entered into a Promissory Note ("Note") on August 8, 2023. *Id.* ¶ 10. A copy of the

3

Note is filed at ECF No. 1-4. In the Note, Sweegen promises to pay SKGF the principal sum of $359,996.14 plus interest at a rate of 6% per annum beginning on August 8, 2023. *Id.* at 1. The Note provides that Sweegen would make its payments in accordance with the schedule attached to the Note as Exhibit A. *Id.* at 1, 3. The schedule provides that Sweegen was to make four payments: $90,000 by September 30, 2023; $90,000 by October 31, 2023; $90,000 by November 30, 2023; and $94,541.23 by December 31, 2023. *Id.* at 3. If Sweegen defaulted on its payment obligations, it would immediately be in default and the entire unpaid balance would immediately become due. *Id.* at 1. Sweegen waived "presentment, protest and demand, notice of protest, notice of demand and of dishonor and nonpayment." *Id.* In addition, the Note provides that Sweegen is liable for all costs and reasonable attorney's fees that SKGF incurs in connection with the enforcement of the Note, as well as the costs and reasonable attorney's fees that it incurs in post-judgment collection proceedings. *Id.* The Note also provides that Sweegen agrees to submit to the jurisdiction of any state or federal court sitting in the State of Maryland in connection with any suit, action, or proceeding relating to the Note. *Id.*

The Note provides that it was entered into in the State of Maryland and that Maryland law applies to its construction, interpretation, and enforcement. *Id.* at 2. The Court will apply Maryland substantive law in accordance with the Note's choice-of-law provision.

The sole count in Plaintiff's Complaint is for breach of promissory note. A promissory note is a type of contract. *Jenkins v. Karlton*, 329 Md. 510, 525 (1993). To prevail in an action for breach of contract in Maryland, "a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001). When interpreting contracts, "the clear and unambiguous language of an agreement will not give way to what the parties thought the agreement meant or intended it

to mean; where a contract is plain and unambiguous, there is no room for construction, and it must be presumed that the parties meant what they expressed." *Bd. of Trustees of State Colleges v. Sherman*, 280 Md. 373, 380 (1977). A contracting party is not bound merely by the assumptions or beliefs of the other contracting party but is instead bound by the contract itself. *Gill v. Computer Equip. Corp.*, 266 Md. 170, 179 (1972).

"A breach of contract is a failure, without legal excuse, to perform any promise which forms the whole or part of a contract." *St. Paul Fire & Marine Ins. v. House*, 315 Md. 328, 355 (1989). A material breach of a contract by one party excuses the other party from performance. *Whiting-Turner Contr. Co. v. Capstone Dev. Corp.*, No. WDQ-12-3730, 2013 WL 5423953, at *8 (D. Md. Sept. 26, 2013); *Final Analysis Commc'n Servs., Inc. v. Gen, Dynamics Corp.*, 253 F. App'x 307, 313 (4th Cir. 2007) ("It is well established that a material breach by one party to a contract excuses the other party from performance."). "A breach is material 'if it affects the purpose of the contract in an important or vital way.'" *Id.* (quoting *Barufaldi v. Ocean City, Chamber of Com., Inc.*, 196 Md. App. 1, 23 (2010)).

Here, Plaintiff alleges the existence of a valid contract between SKGF and Sweegen in the form of a promissory note. Sweegen defaulted under the terms of the Note by failing to make payments as agreed. ECF No. 1 at 4. SKGF's Statement of Account for Sweegen shows that the total amount that Sweegen owes SKGF is $298,423.20. *Id.* at 1; ECF No. 1-5. The Statement of Account includes payments that Sweegen owed to SKGF under the Note as well as for unrelated work that SKGF performed. ECF No. 1. ¶ 17. Of the total due, $184,411.82 remains due under the

Note.[2] *Id.* ¶¶ 18-19, 24; ECF No. 20-1 ¶¶ 7-8. Plaintiff has established that Sweegen violated the terms of the Note and thus breached its contract with SKGF.

Accepting as true the unchallenged allegations of the Complaint, I find that Plaintiff has established Sweegen's liability for its failure to make timely and full payments on the Note.

### C.  Damages

Having determined that Plaintiff has established Sweegen's liability, it is now appropriate to determine the damages to which Plaintiff is entitled. The damages that Plaintiff seeks in its Motion are appropriate under Rule 54(c) so long as "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010). Here, Plaintiff has provided sufficient evidence to support its claim for damages in the amount of $184,411.82, plus attorney's fees and costs, and interest.

In support of its claim for damages, Plaintiff relies on the Declaration of Peter A. Rynberk, the Collections Manager and Agent of SKGF. ECF No. 20-1. Mr. Rynberk states that Sweegen currently owes $184,411.82 to SKGF on the Note. *Id.* ¶ 8. In addition to the principal due, Sweegen owes SKGF interest at the rate of 6% per annum (or $30.31 per diem),[3] calculated from August 8, 2023 (the date of the Note) until the date of judgment. *Id.* ¶ 10; *see also* ECF No. 1-4 at 1. I find that Plaintiff has established an entitlement to damages in the amount of $184,411.82 for unpaid principal, plus interest at the rate of 6% per annum from August 8, 2023, to the date of judgment in this case.

---

[2] SKGF states that it will seek the remainder of the amount due ($114,011.38) through an action in the Superior Court for the District of Columbia.

[3] The per diem interest amount is calculated by multiplying the outstanding principal by the annual interest rate and dividing by 365 days. Thus, on a principal balance of $184,411.82 at an annual rate of 6%, the daily interest accrues at approximately $30.31 per day.

Mr. Rynberk also explains that the Note permits SKGF to recover the reasonable attorney's fees and costs it incurs through enforcing the Note. ECF No. 20-1 ¶ 5; *see also* ECF No. 1-4 at 1. Mr. Rynberk states that SKGF has incurred attorney's fees and costs in the amount of $15,084.58 related to its enforcement of its rights under the Note.[4] *Id.* ¶ 9. In calculating an award of attorney's fees, the court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Fourth Circuit has stated that a court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides guidance on prevailing market rates, depending on an attorney's years of experience. The fee matrix in the Local Rules is only one factor for the Court to consider. The Court does not assume the fee matrix to be presumptively reasonable, nor does the Court rely on it solely for a determination of reasonable hourly rates. *See De Paredes v. Zen Nails Studio LLC*, 134 F.4th 750, 754 (4th Cir. 2025).

In support of its claim for attorney's fees, SKGF relies on the Declaration of Thomas J. Powell. ECF No. 20-2. Mr. Powell has practiced law for over 30 years and his associate, Niall

---

[4] SKGF actually incurred attorney's fees and costs in the amount of $15,806.83. *See* ECF Nos. 20-2 & 20-3. The figure that Mr. Rynberk cites does not include SKGF's costs.

McMillan, has practiced law for about four years. Mr. Powell and Mr. McMillan's billing records for this matter are filed at ECF No. 20-3. Mr. Powell and Mr. McMillan spent 59.7 hours working on this matter but only billed 34.14 of those hours to SKGF. I find that the time that SKGF's attorneys expended on this matter was reasonable.

Mr. Powell billed SKGF at an hourly rate of $654.50, while Mr. McMillan billed at an hourly rate of $75.00. Mr. McMillan's hourly rate is substantially lower than the $150-225 guideline for lawyers admitted to the bar for less than five years. And while Mr. Powell's hourly rate exceeds the $300-475 guideline for lawyers admitted to the bar for more than 20 years, other factors justify a higher rate. Mr. Powell has been a lawyer for almost 40 years and has significant experience in federal court. He also possesses a graduate degree in civil engineering. Considering Mr. Powell's extensive experience and the substantial voluntary reduction of the amounts billed to SKGF, I find that his hourly rate of $654.50 is reasonable. In addition to its attorney's fees, SKGF also incurred costs (for the filing fee and for service of process) totaling $722.25. I find that these costs are reasonable. I recommend that Plaintiff be awarded $15,084.58 for attorney's fees and $722.25 for costs.

In summary, I recommend that the Court grant Plaintiff's Motion for Entry of Default Judgment (ECF No. 20), enter judgment in favor of SKGF and against Sweegen, and award $224,678.82 in damages to SKGF, plus interest at the rate of 6% per annum (or $30.31 per diem) from the date of this Report and Recommendation to the date of the Court's judgment, calculated as follows:

| | |
|---|---|
| $184,411.82 | Unpaid principal owed on the Note |
| $24,460.17 | Interest ($30.31 per diem from August 8, 2023, to October 22, 2025) |
| $15,084.58 | Attorney's fees |

8

$722.25          Costs

**$224,678.82    Total**

I also recommend that the Court award interest from the date of this Report and Recommendation to the date of judgment at the rate of $30.31 per diem. And I recommend that the Court award post-judgment interest at the legal rate. 28 U.S.C. § 1961.

**III.    CONCLUSION**

For the reasons set forth above, I recommend that the Court grant the Plaintiff's Motion for Entry of Default Judgment (ECF No. 20), enter default judgment in favor of Plaintiff Sterne, Kessler, Goldstein & Fox, PLLC and against Defendant Sweegen, Inc., and award damages to Plaintiff in the amount of $224,678.82, plus interest at the rate of 6% per annum (or $30.31 per diem) from the date of this Report and Recommendation to the date of judgment, plus post-judgment interest at the legal rate.

The Clerk of Court shall mail a copy of this Report and Recommendation to Defendant Sweegen, Inc.

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

October 22, 2025                                         /s/
Date                                                     Timothy J. Sullivan
                                                         Chief United States Magistrate Judge